**GOULD–NATIONAL BATTERIES, INC.,**
a corporation, Plaintiff,

v.

Joseph **MARCHETTI** and Roland Marchetti, d/b/a National Battery Exchange, Defendants.

Civ. No. 65–673 CA.

United States District Court
S. D. Florida,
Miami Division.

March 31, 1967.

Richard S. Banick, of Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, Fla., Lewis S. Garner and Franklin M. Crouch, of Wolfe, Hubbard, Voit & Osann, Chicago, Ill., of counsel, for plaintiff.

Malcolm L. Kneale, of Kneale, Roberts, Kneale & Starkweather, Miami, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ATKINS, District Judge.

1. Plaintiff, Gould-National Batteries, Inc., is a Delaware corporation having a principal place of business in the First National Bank Building, St. Paul, Minnesota.

2. Defendants, Joseph Marchetti and Roland Marchetti, d/b/a National Battery Exchange, are citizens of the State of Florida, having their place of business at 9515 Northwest 27th Avenue, Miami, Florida.

3. The amount in controversy herein is in excess of ten thousand dollars, exclusive of interest and costs.

4. Plaintiff, through its predecessors, has used NATIONAL in its company name in the battery business, and has used the trademark NATIONAL for batteries throughout the United States generally, continuously from 1918 to the present.

5. Plaintiff's national sale of batteries under said trademark and company name are made to wholesalers and distributors.

6. Plaintiff's sales under its trademark and company name and advertisement expenditures in connection with said sales have been substantial.

7. The Plaintiff has not substantially advertised and conducted its business in the greater Miami, Florida area prior to 1965, but said area is within the normal anticipated expansion of the Plaintiff's business.

8. Plaintiff's company name and and Plaintiff's trademark NATIONAL have since prior to 1962 been known by and had a secondary meaning to an appreciable portion of the trade and public throughout the United States, representing and identifying the Plaintiff's company to them and Plaintiff's brand of batteries.

9. Plaintiff has a valuable good will in its battery business represented by the trademark NATIONAL and by Plaintiff's company name which includes NATIONAL, and said trademark and company name are of substantial value to Plaintiff.

10. The Defendants have since 1962 conducted a business consisting primarily of buying used and junk batteries and reconditioning, and selling the same at retail, at a price of $5.95, including the sale to used car dealers, with the principal site of operation of the Defendants' place of business being limited to Dade County, Florida. The Defendants in the course of their business do not sell through wholesalers or jobbers, but sell at a retail level. The Defendants' business consists almost exclusively of selling said used reconditioned batteries. Said reconditioned batteries which are sold by the Defendants prominently bear the label "RECONDITIONED", and the label of the manufacturer of said batteries is not visible, the same being obscured by a black tar substance during the course of

the Defendants' process of reconditioning. The Defendants do sell a small amount of new batteries. These new batteries bear the name "FEDERAL BATTERIES" which are manufactured by the Bowers Battery Company and not by the Plaintiff. None of the batteries that the Defendants sell are sold under the name "NATIONAL" nor were said batteries ever manufactured by the Plaintiff.

11. Defendants' company name used in conducting said business was "NATIONAL BATTERY EXCHANGE" until July, 1966, at which time defendants were preliminarily enjoined by this Court from using "NATIONAL" in their company name, whereupon Defendants changed "NATIONAL" to "NATION" and have continued said use to the present.

12. Prior to such preliminary injunction, Defendants prominently displayed said company name "NATIONAL BATTERY EXCHANGE" on their store front, on trucks, billheads, stationery, business cards, telephone listings, and in newspaper and radio advertising.

13. The Defendants have since said temporary injunction prominently displayed said company's name "NATION BATTERY EXCHANGE" on their store front, on trucks, billheads, stationery, business cards, telephone listings, and in newspaper and radio advertising, and have answered the telephone "NATION BATTERY EXCHANGE".

14. Defendants' used batteries and Defendants' business are and are likely to be identified by or associated in the minds of customers or the public with the term "NATIONAL."

15. The name by which the Defendants now identify themselves, namely, "NATION BATTERY EXCHANGE", and the usage of the word "NATION" as it relates to Defendants' business and Defendants' sale of batteries, is not likely to be identified by or associated in the minds of customers and the public with the term "NATIONAL" or the plaintiff's business. There has been no evidence produced at the hearing to show any likelihood of confusion at all regarding the usage by the Defendants of the name "NATION BATTERY EXCHANGE", notwithstanding the Defendants have predominantly used the same continuously since July of 1966.

16. An appreciable number of ordinarily prudent purchasers buying in the usual manner in the battery trade have been shown by competent substantial admissible evidence to have erroneously assumed that the Plaintiff and the Defendants, while the Defendants were using the name "NATIONAL BATTERY EXCHANGE", were the same company or were related companies, and that Defendants' rebuilt batteries and Plaintiff's new batteries emanated from the same or related source, which is caused by the use of NATIONAL in Defendants' company name and which is reasonably likely to cause some of said persons to hesitate to buy or handle Defendants' batteries, with damage or prospective damage to Plaintiff's business and good will represented by NATIONAL, in the event the Defendants revert to using the name "NATIONAL BATTERY EXCHANGE".

17. That an appreciable number of reasonable ordinary purchasers buying with ordinary caution in the battery trade have not been shown by competent substantial evidence to have erroneously assumed that the Plaintiff and the Defendants, while using the name "NATION BATTERY EXCHANGE" are the same company or are related companies, and there is no likelihood of confusion of the Plaintiff and its trademark NATIONAL with the Defendants' business operations when using in connection therewith the name "NATION BATTERY EXCHANGE".

18. "NATIONAL" is a generic term and is not a coined and fanciful expression, nor is it descriptive of plaintiff's batteries, and the word "NATION", especially when used as a unit in the Defendants' name "NATION BATTERY EXCHANGE", is not so similar to "NATIONAL" in appearance, sound, mean-

ing, and general connotation, that from a trademark standpoint that is likely to be confused with the Plaintiff or the Plaintiff's products, and there is no likelihood that in the event the Defendants use the name "NATION BATTERY EXCHANGE" there it will cause some persons to hesitate in the battery trade to buy or handle Plaintiff's batteries and there is no showing that the Plaintiff will be damaged by the continued usage by the Defendants of the name "NATION BATTERY EXCHANGE", nor is there any likelihood of confusion of source by the use of the Defendants of said name.

19. The Defendants' use of "NATION BATTERY EXCHANGE" has not caused, nor is it likely in the future to cause confusion, mistake, or deception as to source with Plaintiff and with Plaintiff's batteries sold under the trademark "NATIONAL" and under Plaintiff's corporate name "GOULD-NATIONAL BATTERIES, INC.", nor is the same likely to result in Plaintiff's damage.

20. The Plaintiff has not acquiesced in Defendants' use of "NATIONAL". The Defendants have substantially advertised by radio and otherwise and built up a business under the substitute name of "NATION BATTERY EXCHANGE" and it would be inequitable for this Court to enjoin the Defendants from the usage of said name "NATION BATTERY EXCHANGE" under the facts of this case.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and subject matter of this action, including Plaintiff's claims, both of trademark infringement and pendant unfair competition.

■ 2. Plaintiff has valid rights in its use of NATIONAL in its company name; Plaintiff's trademark NATIONAL, for batteries, is a valid, protectable trademark under the common law; Plaintiff's registration of said trademark in the State of Florida, of December 15, 1966 is valid; and Plaintiff's trademark Reg. No. 242,106, of May 15, 1928, in the United States Patent Office, is valid and is owned by Plaintiff.

■ 3. That Defendants had constructive notice of Plaintiff's claim of ownership of its trademark NATIONAL, for batteries, and although the Defendants were without intent to cause confusion, the same is not a bar to injunctive relief where infringement relating to confusion of source is found.

■ 4. Defendants' use of "NATIONAL" in its company name constitutes infringement of Plaintiff's rights in "NATIONAL" as its trademark for batteries under the Federal Trademark Laws (15 U.S.C. §§ 1051–1127), under the Trademark Statutes of the State of Florida (31, Fla.Stat.Anno., Chapter 495), and under the common law of the State of Florida, and constitutes unfair competition with Plaintiff.

■ 5. Defendants' use of "NATION" in its company name does not constitute infringement of Plaintiff's rights in "NATIONAL" as its trademark for batteries under the Federal Trademark Laws (15 U.S.C. §§ 1051–1127), under the Trademark Statutes of the State of Florida (31, Fla.Stat.Anno., Chapter 495), and under the common law of the State of Florida, and does not constitute unfair competition with Plaintiff.

6. Plaintiff is not estopped by laches or acquiescence to seek an injunction of the Defendants' use of "NATIONAL".

7. Plaintiff has no adequate remedy at law and is entitled to an injunction against the Defendants' use of "NATIONAL" in connection with its business under the principles of equity.

8. Plaintiff is not entitled to an injunction against Defendants' use of "NATION" in its company name of "NATION BATTERY EXCHANGE" under the principles of equity.